IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-10367

_____

IN RE: RICKY NOLEN McGINN,

                                        Movant

_____

Order on Application for Leave to File a Successive Writ
United States District Court for the
Northern District of Texas

_____

June 1, 2000

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:

Petitioner filed on April 11, 2000, a petition for leave to file a successive writ. At that time McGinn was scheduled for execution on April 27, 2000. The parties consented to a rescheduling of the execution date for June 1, 2000, an effort to accommodate petitioner's counsel whose records were scattered by a tornado which struck the city of Fort Worth, Texas. The State responded on April 28, 2000. Petitioner then sought relief in the Court of Criminal Appeals of Texas by filing a subsequent writ seeking a stay to allow additional DNA testing. That court found the application to be an abuse of the writ, and by order of May 30, 2000, denied the application. Petitioner's application to the

Texas Court included "defendant's motion to authorize retesting of physical evidence by defense DNA expert...."

The State argues that this court should deny leave to file a subsequent writ on two grounds. First, the ruling by the Texas Court of Criminal Appeals that Petitioner had abused the process is an adequate and independent state ground. Second, this court lacks jurisdiction to grant the requested relief under 28 U.S.C. § 2244.

We are persuaded that we cannot grant leave to file a successive writ because the petitioner cannot meet the requirements of 28 U.S.C. § 2244(b)(2)(B)(i). Specifically, petitioner cannot show that "the factual predicate for the claim[s] could not have been discovered previously through the exercise of due diligence." It is clear that at the original trial there was extensive testing of blood samples, including reverse paternity DNA tests. The claim is that while better tests could have been performed then, developing science enhances the possibility of a better test today. Yet no submission has been made to this court that any testing methods developed in the five years following the testing done for trial were not available to allow timely submission to the federal district court by February 23, 1999, when it denied habeas relief in the first petition. We do not reach the issue of whether the petitioner could meet the statute's innocence requirement.

We do not suggest that in striving to both convict the guilty and free the innocent, criminal process can look away from exculpatory evidence with such potential explanatory power.

2

Rather, we remind that this is a court of limited jurisdiction, only part of an entire system. We are persuaded that Congress has withheld jurisdiction from this court to grant the requested relief here. On the facts of this case, Petitioner must obtain his relief from other parts of this process, a process in which each player does his job. We express no opinion whether DNA evidence may, in other circumstances, allow a prisoner to escape the strictures of the subsequent writ.

The application for leave to file a subsequent writ and for stay of execution is DENIED.