United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 8, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10581
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID RAY WALLACE,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:02-CR-328-ALL-R
---------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:*

David Ray Wallace appeals from his jury-trial conviction and

sentence for possession of a firearm by a felon in violation of

18 U.S.C. §§ 922(g)(1), 924(e).  Wallace argues that the district

court erred in finding that he consented to a search of his

person.  The evidence, viewed in the light most favorable to the

prevailing party, supports the district court's findings and

denial of Wallace's motion to suppress.  See United States v.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

<u>Shelton</u>, 337 F.3d 529, 532, <u>petition</u> <u>for</u> <u>cert.</u> <u>filed</u>, 72 U.S.L.W. 3393 (U.S. Nov. 24, 2003) (No. 03-781).

Wallace further argues that the district court erred in enhancing his sentence pursuant to 18 U.S.C. § 924(e).  This court reviews the issue de novo.  <u>See</u> <u>United States v. Martinez-Cortez</u>, 988 F.2d 1408, 1410 (5th Cir. 1993).  The presentence report reveals that Wallace had three convictions for aggravated robbery which served as predicate offenses for the sentence enhancement.  <u>See</u> <u>United States v. Munoz</u>, 150 F.3d 401, 419 (5th Cir. 1998).  The district court did not err.

Finally, Wallace challenges the constitutionality of 18 U.S.C. § 922(g).  He concedes that his argument is foreclosed by circuit precedent.  This court has repeatedly held that the constitutionality of 18 U.S.C. § 922(g) is not open to question. <u>United States v. Daugherty</u>, 264 F.3d 513, 518 (5th Cir. 2001).

AFFIRMED.