# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 15, 2013

No. 11-50669
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLOS ZUNIGA HERNANDES, also known as CACA, also known as Carlos
Zuniga Hernandez,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

REAVLEY, Circuit Judge:

Appellant Carlos Zuniga Hernandes is a federal prisoner who has pleaded
guilty to conspiracy to distribute and possess with the intent to distribute
cocaine and methamphetamine. After sentencing, Hernandes filed a motion
under 28 U.S.C. § 2255 claiming *inter alia* that his trial counsel represented him
while under a conflict of interest, because according to Hernandes, counsel was
referred to him by a co-defendant and the co-defendant paid a portion of the cost
of retaining counsel. The district court found that Hernandes had failed to show
a conflict of interest and thus denied the § 2255 motion. After the district court

denied Hernandes a certificate of appealability, he filed a motion for relief from judgment under Rule 60(b)(6) of the Federal Rules of Civil Procedure. The motion consisted entirely of his recapitulated third-party beneficiary conflict of interest argument. The district court denied the motion, finding *inter alia* that Hernandes's allegations were insufficient to raise a fact issue warranting a hearing. Hernandes filed a notice of appeal, and the district court again denied him a COA.

This Court granted a COA, in relevant part on the issue of whether Hernandes's Rule 60(b) motion presents a successive habeas petition within the meaning of *Gonzalez v. Crosby*, 545 U.S. 524, 125 S. Ct. 2641 (2005). We conclude that it does, and thus the district court was not permitted to consider the motion. Accordingly, we DISMISS this appeal.

Rule 60(b) provides that the district court "may relieve a party or its legal representative from a final judgment, order, or proceeding for" any one of certain enumerated grounds, including "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). However, where a Rule 60(b) motion advances one or more substantive claims, as opposed to a merely procedural claim, the motion should be construed as a successive § 2255 motion. *Gonzalez*, 545 U.S. at 532 & n.4 (involving § 2254 petition); *see United States v. Williams*, 274 F. App'x 346, 347 (5th Cir. 2008) (applying *Gonzalez* to § 2255 motions). A defendant is generally permitted only one motion under § 2255 and may not file successive motions without first obtaining this Court's authorization. 28 U.S.C. § 2255(h); *see United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). Therefore, if Hernandes's Rule 60(b)(6) motion is to be construed as a successive § 2255 motion, the district court would have no jurisdiction to consider it.

In *Gonzalez*, the Supreme Court distinguished between those Rule 60(b) motions that "advance[] one or more 'claims'" from Rule 60(b) motions that

No. 11-50669

"attack[], not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." 545 U.S. at 532, 125 S. Ct. at 2648. The former should be construed as successive habeas petitions, whereas the latter are bona fide Rule 60(b) motions. *Id.* Among the express types of motions that fit into the former category, the Supreme Court included motions that "attack[] the federal court's previous resolution of a claim *on the merits.*" *Id.*[1]

Here, Hernandes's Rule 60(b) motion clearly went to the merits of his habeas claim and thus should be construed as a successive habeas petition. Hernandes's motion consisted entirely of the third-party beneficiary conflict of interest argument that he resurrected from his original § 2255 motion, which is not a procedural argument but rather a substantive argument. Relatedly, the district court's finding that there was no conflict of interest, which precipitated the Rule 60(b) motion, was the result of a merits determination; it was not the result, for instance, of a procedural technicality that precluded a merits determination.[2] *See In re Lindsey*, 582 F.3d 1173, 1175 (10th Cir. 2009) (holding that Rule 60(b) motion was a successive habeas petition because the motion "did not preclude a merits determination on [the defendant's] § 2255 motion; it was the *result* of a merits determination"). Hernandes's "Rule 60(b) motion is, in fact, a § 2255 motion in disguise," *Washington*, 653 F.3d at 1065, because it is

---

[1] Notably, *Gonzalez* does not posit a bright-line principle that a Rule 60(b)(6) motion is always, or never, a successive habeas petition. *See* 545 U.S. at 530–32, 125 S. Ct. at 2646–48; *see also United States v. Washington*, 653 F.3d 1057, 1060 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 1609 (2012) ("[T]he Supreme Court has not adopted a bright-line rule for distinguishing between a bona fide Rule 60(b) motion and a disguised second or successive § 2255 motion[.]"). Therefore, we do not establish such a bright-line principle, but instead only analyze this particular Rule 60(b) motion.

[2] In particular, the district court found that "Hernandes'[s] § 2255 claims are without legal merit, are refuted by the record, or are conclusory; therefore he is not entitled to § 2255 relief or a hearing."

No. 11-50669

precisely the sort of prohibited motion that "attacks the federal court's previous resolution of a claim *on the merits*." *Gonzalez*, 545 U.S. at 532, 125 S. Ct. at 2648. Accordingly, Hernandes's Rule 60(b) motion should be construed as an unauthorized habeas petition within the meaning of *Gonzalez*, and the district court is therefore prohibited from considering the motion.

APPEAL DISMISSED.