# Supreme Court of the United States
## Office of the Clerk
## Washington, DC 20543-0001

Scott S. Harris
Clerk of the Court
(202) 479-3011

March 23, 2015

Clerk
Court of Criminal Appeals of Texas
P.O. Box 12308
Capitol Station
Austin, TX 78711

> Re: Lester Leroy Bower, Jr.
> v. Texas
> No. 14-292
> (Your No. WR-21,005-02, WR-21,005-03, WR-21,005-04, WR-21,005-05)

Dear Clerk:

The Court today entered the following order in the above-entitled case:

The petition for a writ of certiorari is denied. Justice Breyer, with whom Justice Ginsburg and Justice Sotomayor join, dissenting from the denial of certiorari.

Sincerely,

Scott S. Harris, Clerk

RECEIVED IN
COURT OF CRIMINAL APPEALS
MAR 26 2015
Abel Acosta, Clerk

# SUPREME COURT OF THE UNITED STATES

## LESTER LEROY BOWER, JR. *v.* TEXAS

### ON PETITION FOR WRIT OF CERTIORARI TO THE COURT OF CRIMINAL APPEALS OF TEXAS

No. 14–292.   Decided March 23, 2015

The petition for a writ of certiorari is denied.

JUSTICE BREYER, with whom JUSTICE GINSBURG and JUSTICE SOTOMAYOR join, dissenting from the denial of certiorari.

On April 28, 1984, petitioner Lester Leroy Bower was convicted in a Texas court of murdering four men. Each of the four men had been shot multiple times. Their bodies were left in an airplane hangar, and an ultralight aircraft was missing.

The State sought the death penalty. Bower introduced evidence that was, in his view, mitigating. He noted that he was 36 years old, married, employed full-time, and a father of two. He had no prior criminal record. Through the testimony of Bower's family members and friends, the jury also heard about Bower's religious devotion, his commitment to his family, his community service, his concern for others, his even temperament, and his lack of any previous violent (or criminal) behavior.

At the time of Bower's sentencing, Texas law permitted the jury to consider this mitigating evidence only insofar as it was relevant to three "special issues": (1) whether the conduct of the defendant that caused the death of the four victims was committed deliberately and with the reasonable expectation that the victims' deaths would result; (2) whether there was a probability that the defendant would continue to commit violent criminal acts, and as such would be a continuing threat to society; and (3) whether the defendant acted in response to provocation. See Tex. Code Crim. Proc. Ann., Art. 37.071(b) (Vernon 1981 and

Cum. Supp. 1986). Since the third issue was irrelevant in Bower's case, the court asked the jury to consider only the first two. Because the jury answered "yes" to both, the trial judge automatically imposed a death sentence, as required by then-controlling Texas law. Arts. 37.071(c)– (e).

Bower appealed his case, lost, sought state postconviction relief, lost, appealed that loss, and lost again. See *Bower* v. *Texas*, 769 S. W. 2d 887 (Tex. Crim. App.), cert. denied, 492 U. S. 927 (1989); *Ex parte Bower*, 823 S. W. 2d 284 (Tex. Crim. App. 1991), cert. denied, 506 U. S. 835 (1992). But a week before Bower's conviction became final, this Court decided in *Penry* v. *Lynaugh,* 492 U. S. 302 (1989), that Texas' special issues procedure was unconstitutional. Specifically, the Court held that Texas' procedure impermissibly prevented the jury from considering or acting upon potentially mitigating evidence. The Court wrote that a State cannot

> "consistent with the Eighth and Fourteenth Amendments, prevent the sentencer from considering and giving effect to evidence relevant to the defendant's background or character or to the circumstances of the offense that mitigate against imposing the death penalty." *Id.,* at 318.

Penry himself had offered evidence of mental retardation and childhood abuse. This Court decided that Texas' special issues, while allowing the jury to decide if Penry might commit violent crimes in the future, did not give the jury the constitutionally requisite opportunity to consider whether Penry's mental retardation or childhood abuse constituted significantly mitigating evidence regardless. It "is not enough," the Court wrote,

> "simply to allow the defendant to present mitigating evidence to the sentencer. The sentencer must also be able to consider and give effect to that evidence in im-

posing [a] sentence. Only then can [the court] be sure that the sentencer has treated the defendant as a uniquely individual human bein[g] and has made a reliable determination that death is the appropriate sentence." *Id.,* at 319 (citations and internal quotation marks omitted; last alteration in original).

After this Court decided *Penry,* Bower filed a petition for habeas corpus in Federal District Court. He argued, among other things, that, given *Penry,* his own sentencing proceeding was constitutionally deficient. After a hearing, the court denied his petition and also refused to issue a certificate of appealability on the *Penry* issue. The Fifth Circuit affirmed the District Court's denial of a certificate of appealability, reasoning that, in Bower's case, the second special issue (about future dangerousness) sufficiently permitted the jury to take account of Bower's mitigating evidence. *Bower* v. *Dretke,* 145 Fed. Appx. 879, 885, 887 (2005). In doing so, the Circuit referred to several of its earlier decisions reaching the same conclusion in similar circumstances. See *ibid.* (citing *Coble* v. *Dretke,* 417 F. 3d 508 (2005); *Boyd* v. *Johnson,* 167 F. 3d 907 (1999); *Barnard* v. *Collins,* 958 F. 2d 634 (1992)). Bower then sought certiorari here, but we denied his petition. *Bower* v. *Dretke,* 546 U. S. 1140 (2006).

The Fifth Circuit subsequently changed its mind about the meaning of *Penry.* And, in doing so, it specifically said that it had been wrong about Bower's *Penry* claim. See *Pierce* v. *Thaler,* 604 F. 3d 197, 210, n. 9 (2010). It said this not in Bower's case, but in an unrelated one. At that point, Bower's case was no longer in federal court. So Bower could not take advantage of the Fifth Circuit's change of mind; he had already brought a subsequent application for postconviction relief in Texas court, arguing (among other things) that Texas had used an unconstitutional sentencing procedure in his case.

The Texas trial court decided that Bower was right. Conclusions of Law. ¶97 in *Ex parte Bower*, No. 33426–B (15th Jud. Dist. Ct., Grayson Cty., Dec. 10, 2012), App. to Pet. for Cert. 127 (hereinafter Conclusions of Law). It issued an opinion requiring a new sentencing proceeding. See *ibid.* But the State appealed, and the Texas Court of Criminal Appeals reversed the trial court. See Order in *Ex parte Bower*, No. WR–21005–02, etc. (Tex. Ct. Crim. App., June 11, 2014), App. to Pet. for Cert. 1. It explained that "unlike the double-edged evidence in *Penry* . . . , the mitigating evidence presented by [Bower] during the punishment phase of his trial—evidence of his good and non-violent character, his good deeds, and the absence of a prior criminal record—was not outside the scope of special issues given." *Id.,* at 4 (citing *Ex parte Bower*, 823 S. W. 2d, at 286). Because Bower's evidence was not "double-edged" as Penry's had been, the Texas Court of Criminal Appeals believed that the use of the special issues proceeding in Bower's sentencing proceeding did not constitutionally entitle him to resentencing. See *ibid.*

Bower now asks us to grant certiorari and to reverse the Texas Court of Criminal Appeals. In my view, we should do so. *Penry*'s holding rested on the fact that Texas' former special issues did not tell the jury "what 'to do if it decided that [the defendant] . . . should not be executed'" because of his mitigating evidence. *Abdul-Kabir* v. *Quarterman*, 550 U. S. 233, 256 (2007) (quoting *Penry, supra,* at 324). Bower's sentencing procedure suffered from this defect just as Penry's did. The distinction that the Texas court drew between Penry's and Bower's evidence is irrelevant. Indeed, we have expressly made "clear that *Penry* . . . applies in cases involving evidence that is neither double edged nor purely aggravating, because in some cases a defendant's evidence may have mitigating effect beyond its ability to negate the special issues." 550 U. S., at 255, n. 16. The trial court and the Fifth Circuit both

recognized that Bower's *Penry* claim was improperly rejected on that basis. See Conclusions of Law ¶97; *Pierce, supra,* at 210, n. 9.

The Constitution accordingly entitles Bower to a new sentencing proceeding. I recognize that we do not often intervene only to correct a case-specific legal error. But the error here is glaring, and its consequence may well be death. After all, because Bower already filed an application for federal habeas relief raising his *Penry* claim, the law may bar him from filing another application raising this same issue. See 28 U. S. C. §2254(b)(1). In these circumstances, I believe we should act and act now. I would grant the petition and summarily reverse the judgment below. I dissent from the Court's decision not to do so.