# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

———————

No. 15-40032
No. 15-70003

———————

United States Court of Appeals
Fifth Circuit

**FILED**

May 21, 2015

Lyle W. Cayce
Clerk

In re:  LESTER LEROY BOWER,

     Movant

———————————————

Application for Authorization to File
Successive Petition for Writ of Habeas
Corpus in the United States District Court
for the Eastern District of Texas, Beaumont Division

———————————————

————————

No.15-70003

LESTER LEROY BOWER,

     Petitioner - Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

     Respondent - Appellee

———————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:92-CV-182

———————————————

No. 15-40032; No. 15-70003

Before STEWART, Chief Judge, and DAVIS and SMITH, Circuit Judges.

PER CURIAM:*

Lester Leroy Bower, Jr. (Bower), a Texas state prisoner, was convicted of capital murder and sentenced to death for the murder of four individuals in connection with the theft of an ultralight aircraft. He is scheduled to be executed on June 3, 2015. On January 13, 2015, Bower filed a motion in this court, seeking an order authorizing the filing and consideration of a second petition for writ of habeas corpus and a stay of execution. Alternatively, Bower requested that the court exercise its power pursuant to Fifth Circuit Rule 41.2 to recall its mandate. On January 27, 2015, Bower filed an application for a certificate of appealability (COA), wherein he seeks to appeal the district court's denial of his motion to vacate and set aside the judgment pursuant to Fed. R. Civ. P. 60(b)(6). In both filings, Bower contends that he is entitled to a new sentencing hearing under *Penry v. Lynaugh*, 492 U.S. 302 (1989).

For the reasons stated herein, we DENY the application for a second or successive habeas petition, DENY the motion to recall the mandate, DENY the application for a COA and DISMISS his appeal, and DENY the motion for stay of execution.

I.

A detailed factual and procedural background of this case is provided in this court's earlier opinion. *See Bower v. Dretke*, 145 F. App'x 879, 880 (5th Cir. 2005) (per curiam), *cert. denied*, 546 U.S. 1140 (2006). On April 24, 1984, Bower was convicted of capital murder for the killing of four individuals in connection with the theft of an ultralight aircraft. *Id.* The prosecution did not

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40032; No. 15-70003

introduce additional testimony during the punishment phase. *Bower v. State*, 769 S.W.2d 887, 895 (Tex. Crim. App.), *cert. denied*, 492 U.S. 927 (1989). Bower introduced testimony from his family and friends tending to show that he was "not a violent person but was a good and generous person." *Id.* The jury answered affirmatively to the applicable special issues and Bower was sentenced to death.[1] *Bower*, 145 F. App'x at 881 n.1.

The Texas Court of Criminal Appeals (TCCA) affirmed Bower's conviction and sentence on direct appeal. *Id.* at 881. Bower then filed his initial habeas petition in the convicting court. *Id.* The trial court denied his petition, and the TCCA affirmed. *Id.* Bower next filed a petition for habeas corpus in federal court claiming, *inter alia*, the special issues prevented the jury from giving full consideration and effect to his mitigating evidence of good character. *Id.* at 885. After conducting a five-day evidentiary hearing, the district court denied his petition but granted his application for a COA on two issues and denied a COA on the remaining issues. *Id.* at 881. This court affirmed the district court's decision denying relief and a COA as to some claims, *see Bower*, 145 F. App'x at 880, and subsequently affirmed the district court's decision on the two remaining claims. *See Bower v. Quarterman*, 497 F.3d 459 (5th Cir. 2007), *cert. denied*, 553 U.S. 1006 (2008).

Returning to state court, Bower filed a subsequent writ of habeas corpus in the TCCA, which was denied.[2] *Ex Parte Bower*, Nos. WR-21005-02, WR-

---

[1] "[I]n order to impose a sentence of death under Texas law at the time, the jury was required to find beyond a reasonable doubt and answer in the affirmative regarding two Special Issues: (1) whether Bower's conduct which caused the death of [the victim], was committed deliberately and with reasonable expectation that the death of the deceased would result; and (2) whether there was a probability that Bower would continue to commit violent criminal acts, and as such would he constitute a continuing threat to society at-large." *Bower*, 145 F. App'x at 881 n.1.

[2] In rejecting Bower's *Penry I* claim the TCCA stated: "[T]he mitigating evidence presented by applicant during the punishment phase of his trial—evidence of his good and

No. 15-40032; No. 15-70003

21005-03, WR-21005-04, WR-21005-05, 2014 WL 2601725 (Tex. Crim. App. June 11, 2014), *cert. denied*, 135 S. Ct. 1291 (2015). On January 12, 2015, Bower moved in federal district court for relief from judgment and a stay of execution pursuant to Rule 60(b)(6), arguing that a subsequent decision of this court acknowledged that his case was incorrectly decided, thus entitling him to relief. The following day, Bower filed a motion in this court seeking an order authorizing the filing and consideration of a second petition for writ of habeas corpus and a stay of execution, asserting a similar argument. On January 22, 2015, the district court denied Bower's motion, finding that it was untimely and that in any event, Rule 60(b)(6) is not a vehicle by which Bower can challenge the substance of the court's prior decision. *Bower v. Director*, No. 1:92-cv-182, slip op. at 5 (E.D. Tex. Jan. 22, 2015). Consequently, the district court denied the motion to vacate, denied his requested stay, and denied a COA. *Id.*

Currently pending before the court are Bower's application to file a second or successive petition or alternatively, motion to recall the mandate, his application for a COA, and his request for a stay of execution.[3] We address each matter in turn.

---

non-violent character, his good deeds, and the absence of a prior criminal record—was not outside the scope of the special issues given, nor did it have an aggravating effect when considered within the scope of the special issues. The promulgation of more recent case law by the United States Supreme Court has not changed the definition or nature of what is considered mitigating evidence; thus, applicant was not constitutionally entitled to a separate jury instruction at the punishment phase of trial." *Ex Parte Bower*, 2014 WL 2601725, at *2 (citations omitted).

[3] On September 9, 2014, before the present matters were pending before this court, Bower filed a petition for writ of certiorari with the Supreme Court, challenging the TCCA's denial of his subsequent writ of habeas corpus. On February 3, 2015, while the present matters were pending in this court, Bower filed an application for a stay of execution with the Supreme Court in anticipation of his February 10, 2015 execution date. Two days later, the Court granted the application pending the disposition of the petition for a writ of certiorari. The Court denied Bower's petition on March 23, 2015, with an opinion dissenting from the denial filed by three Justices. Subsequently, Bower has filed with this court several

No. 15-40032; No. 15-70003

II.

A.

The first issue that we must decide is whether Bower may file a second or successive habeas petition. Because Bower has filed a federal habeas petition before, AEDPA[4] requires that he receive authorization from this court to file another. *See* 28 U.S.C. § 2244(b)(3)(A); *In re Campbell,* 750 F.3d 523, 529–30 (5th Cir. 2014). "For us to grant such authorization, we must determine that [Bower] has made a '*prima facie* showing' that he satisfies the statutory prerequisites for a successive habeas petition." *Campbell*, 750 F.3d at 529–30. Section 2244(b) "sharply limits the federal courts' consideration of 'second or successive' habeas applications." *In re Sepulvado*, 707 F.3d 550, 553 (5th Cir.), *cert. denied*, 134 S. Ct. 420 (2013). Indeed, a claim previously raised must be dismissed. *See* § 2244(b)(1); *Williams v. Thaler*, 602 F.3d 291, 301 (5th Cir. 2010) ("AEDPA instructs us to dismiss any claim presented in a second or successive petition if a petitioner presented the claim in a previous application.").

We must now determine whether Bower meets the prerequisites for filing a successive habeas petition under § 2244(b)(1). We conclude that he has not. There is no question that Bower raised the *Penry I* claim in an initial federal habeas petition, which was rejected on the merits. He now seeks to raise that same claim in a successive habeas petition. Accordingly, we deny, as we must, Bower permission to file a second or successive habeas petition on this basis. *See* § 2244(b)(1); *Williams*, 602 F.3d at 301.

Ignoring this statutory bar, Bower urges this court to use its equitable powers to permit him to file a successive habeas petition. Bower contends that

---

supplemental memoranda in support of his requested relief and a renewed motion to stay execution.

[4] The Antiterrorism and Effective Death Penalty Act of 1996.

5

the scenario herein presented—where a court's purportedly erroneous prior decision is recognized to be so by a subsequent decision—does not fit within the statutory framework of § 2244(b).[5]    Simply put, Bower argues that § 2244(b) does not apply.  He reasons that because the statute does not directly prevent a petitioner from filing a successive petition under these facts, we may exercise our equitable powers to allow him to do so.  We disagree.

First, the court is deprived of jurisdiction to entertain claims barred by § 2244(b)(1).  *See Post v. Bradshaw*, 422 F.3d 419, 425 (6th Cir. 2005).  It is axiomatic that in the absence of jurisdiction, the court cannot act.  Therefore, the court cannot exercise its equitable powers to grant Bower his requested relief.  *See In re McGinn*, 213 F.3d 884, 885 (5th Cir. 2000) (per curiam) ("[W]e remind that this is a court of limited jurisdiction, only part of an entire system.  We are persuaded that Congress has withheld jurisdiction from this court to grant the requested relief here.").

Second, Bower's argument is legally unsupportable.  Bower cites to no case law (nor does our research reveal any) where a court has exercised its equitable powers to allow a movant to file a second or successive habeas petition when explicitly barred by the statute.  Instead, Bower cites to *Holland v. Florida*, 560 U.S. 631 (2010), for the proposition that in the absence of a statutory prohibition, a court may exercise its equitable powers.  While the Court in *Holland* exercised its equitable powers in holding that § 2244(d) is subject to equitable tolling, *id.* at 645, the Court did not create an equitable

---

[5] In both his submissions to this court and the district court, Bower heavily relies on our decision in *Pierce v. Thaler*, 604 F.3d 197, 210 (5th Cir. 2010), in which we held that the Texas special issues did not allow the sentencing jury to give full meaning and effect to the petitioner's mitigating evidence of good character.  Bower directs our attention to a footnote in *Pierce*, which he contends "unequivocally states that this Court's decision in [his] federal habeas case was wrong."  He therefore maintains that *Pierce* entitles him to his requested relief. Bower's reliance on *Pierce* is unavailing.  As we discuss further *infra*, our decision here is constrained by the strictures of AEDPA, not our subsequent case law.

remedy from the ether. Instead, its holding rests in part on the fact that "a petition's timeliness was always determined under equitable principles." *Id.* at 648. Moreover, the Court reasoned that applying equitable tolling to § 2244(d) would not undermine AEDPA's basic purpose. *Id.* at 648–49. Bower points to no analogous well-established equitable principle to support granting his requested relief. Further, allowing him to file a second petition would undermine not only AEDPA's explicit bar on such petitions, but Congress's intent to "sharply limit" a petitioner's ability to file successive petitions. *Sepulvado*, 707 F.3d at 553.

Because Bower attempts to bring the same claim raised in his initial federal habeas petition in a successive habeas petition, we hold that his successive petition is barred by § 2244(b)(1), and accordingly deny his application.

### B.

We must next determine whether equity requires that we recall the mandate to avoid an injustice. "[A] prisoner's motion to recall the mandate on the basis of the merits of the underlying decision can be regarded as a second or successive application for purposes of § 2244(b)." *Calderon v. Thompson*, 523 U.S. 538, 553–54 (1998). "Where a petitioner's first application for habeas relief has been denied, treating a prisoner's motion to recall the court's mandate as a successive application is necessary to prevent petitioners from evading AEDPA's bars against relitigation of previously considered claims." *Goodwin v. Johnson*, 224 F.3d 450, 459 (5th Cir. 2000). As previously stated, Bower seeks relief on the basis that this court erred in deciding that his previously raised *Penry I* claim was without merit. Consequently, Bower's motion to recall the mandate is a second or successive habeas petition barred by § 2244(b)(1). *See In re Kunkle*, 398 F.3d 683, 685 n.2 (5th Cir. 2005) (per curiam) (denying movant's request that the court recall its mandate, reasoning

No. 15-40032; No. 15-70003

in part that movant failed to overcome successive petition limitations).  We therefore deny Bower's request to recall the mandate.

C.

Finally, we must decide whether to grant Bower's application for a COA. However, before making this determination, we first address whether Bower's Rule 60(b)(6) motion is a successive habeas petition barred by § 2244(b)(1). Because Bower's motion attacks the substance of the district court's resolution of his claim on the merits, we construe his motion as a successive habeas petition precluded by § 2244(b)(1).  *See Gonzales v. Crosby*, 545 U.S. 524 (2005) (concluding that a Rule 60(b) motion that "attacks the federal court's previous resolution on the merits" should be construed as a successive habeas petition (emphasis omitted)); *see also United States v. Hernandes*, 708 F.3d 680, 682 (5th Cir. 2013).

Here, Bower asserts that the Fifth Circuit's subsequent decision in *Pierce v. Thaler*, 604 F.3d 197 (5th Cir. 2010), constitutes a subsequent change in the law that warrants relief under Rule 60(b)(6).  However, Bower's challenge undoubtedly goes to the merits of the district court's resolution on the merits, and therefore should be construed as a successive habeas petition.  *See Gonzalez*, 545 U.S. at 531 (endorsing an appeals court's determination that a Rule 60(b) motion relying on a subsequent change in the law "is in substance a successive habeas petition and should be treated accordingly").  Bower contends that his motion does not go to the merits because the merits of his claim were never fully considered.  This contention is without merit.  *See Bower v. Director*, No. 1:92-cv-182, slip op., at 49–50 (E.D. Tex. Sept. 6, 2002) ("Petitioner's [*Penry* I] claim *is without merit* and will be denied. (emphasis added)); *see also Bower,* 145 F. App'x at 885 ("Because this court has plainly recognized that good character evidence could have properly been given effect through the second special issue, we hold that this claim *is without merit*.")

(emphasis added)).  Therefore, we conclude that Bower's "Rule 60(b) motion is, in fact, a [§ 2254] motion in disguise because it is precisely the sort of prohibited motion that attacks the federal court's previous resolution of a claim on the merits." *Hernandes*, 708 F.3d at 682 (alteration omitted) (internal quotation marks and citations omitted).  Because we construe Bower's Rule 60(b)(6) motion as a successive habeas petition barred by § 2244(b)(1), the district court was without jurisdiction to rule on his motion.  *See Adams v. Thaler*, 679 F.3d 312, 322 (5th Cir. 2012).  Accordingly, Bower's application for a COA is denied and his appeal is dismissed.

## D.

Concluding, as we have, that Bower's requested relief is barred by § 2244(b)(1), we deny his request for a stay.[6]

## III.

For the reasons stated herein, we DENY Bower's application to file a second or successive habeas petition based on a *Penry I* claim, DENY his request to recall the mandate, DENY his application for a COA and DISMISS his appeal, and DENY his request for a stay of execution.

---

[6] Bower's renewed motion to stay execution is also denied.