# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10582

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HECTOR DANIEL MACIAS,

Defendant-Appellant

United States Court of Appeals
Fifth Circuit

**FILED**
November 20, 2015

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CV-813
USDC No. 4:14-CV-252

Before DAVIS, JONES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Hector Daniel Macias, federal prisoner # 37027-177, was convicted of two drug-related charges and was sentenced to serve 264 months in prison and a five-year term of supervised release. His 28 U.S.C. § 2255 motion was denied, and a judge of this court denied his COA motion. He next filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). The district court construed this motion as an unauthorized successive § 2255 motion and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

transferred the matter to this court.  That matter was docketed as Case No. 14-10437 and dismissed.

Thereafter, Macias filed a Federal Rule of Civil Procedure 59(e) motion to alter or amend the judgment in which he argued that the district court misconstrued his Rule 60(b) motion and improperly transferred it to this court. The district court denied the Rule 59(e) motion, and Macias timely noticed his appeal from this order.  This notice of appeal places the propriety of the underlying judgment, the transfer order, before this court.  *See Martinez v. Johnson*, 104 F.3d 769, 771 (5th Cir. 1997).

We are now faced with Macias's request for a certificate of appealability (COA) to appeal the transfer order.  Because the transfer order is not a final order, no COA is needed to appeal it.  *See United States v. Fulton*, 780 F.3d 683, 688 (5th Cir. 2015), *cert. denied*, 2015 WL 5772739 (Nov. 2, 2015) (No. 15-6348).  Macias's request for a COA is DENIED AS UNNECESSARY.

Our examination of Macias's filings, the record, and pertinent authority shows no error in connection with the district court's conclusion that Macias's Rule 60(b) motion was best construed as an unauthorized successive § 2255 motion because it raised new claims of ineffective assistance of counsel.  *See Gonzalez v. Crosby*, 545 U.S. 524, 530, 532 & n.4 (2005); *United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013) (applying *Gonzalez* to a § 2255 motion).  Accordingly, we AFFIRM the district court's transfer order.