# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-11187

United States Court of Appeals
Fifth Circuit

**FILED**
January 8, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID RAY WALLACE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CV-3257
USDC No. 3:02-CR-328

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

David Ray Wallace, federal prisoner # 29587-177, was convicted of unlawful possession of a firearm in violation of 18 U.S.C. §§ 922(g) & 924(e). *United States v. Wallace*, 92 F. App'x 985 (5th Cir. 2004). Wallace was classified as an armed career criminal and sentenced to 293 months in prison and five years of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-11187

After filing a number of post-conviction motions, including a 28 U.S.C. § 2255 motion, which the district court denied on the merits, Wallace filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). The district court construed this motion as an unauthorized successive § 2255 motion and transferred the matter to this court. The district court, after certifying that the appeal was not taken in good faith, denied Wallace's motion for leave to proceed IFP on appeal and declined to issue a certificate of appealability (COA).

In this court, Wallace moves for leave to proceed in forma pauperis (IFP) on appeal and for a COA to appeal the district court's order transferring his matter to this court in order for Wallace to obtain authorization to file a successive § 2255 motion.

We recently addressed whether a COA is required to appeal a transfer order. *See United States v. Fulton*, 780 F.3d 683, 688 (5th Cir.), *cert. denied*, 136 S. Ct. 431 (2015). We determined that, while a "transfer order of a habeas petition deemed successive is an appealable, collateral order," it is not a final order within the meaning of 28 U.S.C. § 2253(c)(1)(B). *Id.* Thus, "the appeal of such an order does not require a COA." *Fulton*, 780 F.3d at 688. Accordingly, Wallace's motion for COA is DENIED AS UNNECESSARY.

Next, we address Wallace's IFP motion. A person who desires to appeal IFP must obtain prior approval if, as in this case, the district court certifies that the appeal is not taken in good faith. FED. R. APP. P. 24(a)(3)(A). By moving to proceed IFP on appeal, Wallace is challenging the district court's certification that his appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into Wallace's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *See Howard v. King*, 707 F.2d 215, 220 (5th Cir.

2

No. 14-11187

1983) (internal quotation marks and citations omitted). If we uphold the district court's certification, Wallace must pay the filing fee or the appeal will be dismissed for want of prosecution. *Baugh*, 117 F.3d at 202. However, we may dismiss the appeal as frivolous when it is apparent that an appeal would be meritless. 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202 n.24.

To establish that an appeal from the transfer order involves a non-frivolous issue, Wallace must show that his Rule 60(b) motion is not an unauthorized successive § 2255 motion. *Fulton*, 780 F.3d at 685. A Rule 60(b) motion that raises new substantive claims or attacks the district court's merits-based resolution of prior § 2255 claims should be construed as a successive § 2255 motion. *Gonzalez v. Crosby*, 545 U.S. 524, 530, 532 & n.4 (2005) (28 U.S.C. § 2254 case); *United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013) (applying *Gonzalez* to a § 2255 motion).

Our examination of Wallace's filings, the record, and pertinent authority shows no error in connection with the district court's conclusion that Wallace's Rule 60(b) motion was best construed as an unauthorized successive § 2255 motion because it challenged the district court's merits-based resolution of his § 2255 claims. *See Gonzales*, 545 U.S. at 530, 532 & n.4; *Hernandes*, 708 F.3d at 681. Thus, Wallace has not shown that an appeal of the transfer order involves legal points that are arguable on their merits. *See Fulton*, 780 F.3d at 688; *Howard*, 707 F.2d at 220. Accordingly, his motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED AS FRIVOLOUS. 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202 n.24.