# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10653

United States Court of Appeals
Fifth Circuit

**FILED**

October 25, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TORRI DLENA ANDERSON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CV-453

Before OWEN, ELROD, and COSTA, Circuit Judges.

PER CURIAM:[*]

Torri Dlena Anderson, federal prisoner # 45585-177, was convicted of conspiracy to produce false identification documents and sentenced to 180 months of imprisonment. On July 1, 2015, she filed a motion to obtain relief pursuant to *Alleyne v. United States*, 133 S. Ct. 2151 (2013). The district court denied the motion noting that Anderson had raised an *Alleyne* claim in her original 28 U.S.C. § 2255 motion and that she needed to obtain authorization from this court to file a successive § 2255 motion. Anderson now moves this

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court for a certificate of appealability (COA) to appeal the district court's denial of her postjudgment motion. She has also filed a motion for the appointment of counsel.

A COA is required to appeal the denial of an unauthorized successive § 2255 motion. *See Cardenas v. Thaler*, 651 F.3d 442, 443 (5th Cir. 2011). The district court did not determine whether Anderson was entitled to a COA. Because the district court has not issued a COA ruling, we assume without deciding that we lack jurisdiction over the appeal. *See* Rule 11(a), Rules Governing § 2255 Proceedings; *Cardenas*, 651 F.3d at 444 & nn.1-2. Nevertheless, we decline to remand this case to the district court for a COA ruling because a remand would be futile. *See United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000). Anderson's postjudgment motion was properly construed as an unauthorized successive § 2255 motion. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005); *United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013). Because the district court lacked jurisdiction to consider Anderson's postjudgment motion, we lack jurisdiction to review the denial of that motion on the merits. *See United States v. Key*, 205 F.3d 773, 774-75 (5th Cir. 2000).

Accordingly, the appeal is DISMISSED for lack of jurisdiction, and Anderson's motions for a COA and the appointment of counsel are DENIED AS MOOT.