# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11237
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 4, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRENDA LEE FORD,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CV-180

Before HIGGINBOTHAM, JONES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Brenda Lee Ford, federal prisoner # 26255-077, was convicted for conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine. Ford filed a motion for production of records of the juror selection in her criminal trial. Ford asserted that she required the records to support her claim that she was deprived of her constitutional right to a fair and impartial jury trial because of purposeful discrimination in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

excluding blacks from her jury.  The district court construed the motion for production as a motion seeking relief under 28 U.S.C. § 2255 and dismissed it without prejudice for lack of jurisdiction for failure to obtain authorization from this court to file a successive § 2255 motion.  The district court also denied Ford's motion to proceed in forma pauperis (IFP) on appeal finding that the appeal was frivolous, filed in bad faith, and without merit.  Ford's notice of appeal is construed as a motion for a certificate of appealability (COA) to appeal the district court's denial of her motion.  *See* FED. R. APP. P. 22(b)(2).  She has also filed a motion for leave to proceed IFP on appeal.

A COA is required to appeal the denial of an unauthorized successive § 2255 motion.  *See Cardenas v. Thaler*, 651 F.3d 442, 443 (5th Cir. 2011).  The district court did not determine whether Ford was entitled to a COA.  Because the district court has not issued a COA ruling, we assume without deciding that we lack jurisdiction over the appeal.  *See* Rule 11(a), Rules Governing § 2255 Proceedings; *Cardenas*, 651 F.3d at 444 & nn.1-2.  Nevertheless, we decline to remand this case to the district court for a COA ruling because a remand would be futile.  *See United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000).   Ford's motion was properly construed as an unauthorized successive § 2255 motion.  *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005); *United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013).  Because the district court lacked jurisdiction to consider Ford's motion, we lack jurisdiction to review the denial of that motion on the merits.  *See United States v. Key*, 205 F.3d 773, 774-75 (5th Cir. 2000).

Accordingly, the appeal is DISMISSED for lack of jurisdiction, and Ford's motions for a COA and leave to proceed IFP are DENIED AS MOOT.