# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10980

United States Court of Appeals
Fifth Circuit

**FILED**
October 17, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NORRIS LYNN FISHER,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CV-684
USDC No. 4:10-CR-74-1

Before SMITH, HIGGINSON, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Norris Lynn Fiser, federal prisoner # 41251-177, is serving a 240-month sentence for his convictions of conspiring to commit mail fraud and three counts of committing mail fraud. He seeks a certificate of appealability (COA) to appeal the district court's order denying his motions for (1) relief under Federal Rule of Civil Procedure 60(b) from the denial of his unsuccessful 28 U.S.C. § 2255 motion; (2) leave to amend his Rule 60(b) motion and for his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

memorandum in support of his Rule 60(b) motion to exceed 30 pages; (3) leave to proceed in forma pauperis (IFP); (4) the appointment of counsel; and (5) a transfer of his proceedings to the Southern District of New York.

To obtain a COA, Fisher must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Because Fisher is appealing procedural rulings, we will issue a COA only if he shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

In his various filings, Fisher raised claims challenging his conviction, sentence, and the district court's denial of his § 2255 motion on the merits. We construe those claims as unauthorized successive § 2255 motions over which the district court lacked jurisdiction. *See Gonzalez v. Crosby*, 545 U.S. 524, 530–33 (2005); *United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013). Fisher's challenge to the district court's denial of those claims does not deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Fisher also alleged errors in the district court's handling of his § 2255 proceedings. Although those claims constituted bona fide requests for Rule 60(b) relief, Fisher has not identified any abuse of discretion in the district court's denial of his motion, and jurists of reason would not debate the district court's denial of those claims. Fisher's motion for a COA to appeal the district court's denial of his unauthorized successive § 2255 motions and Rule 60(b) motion is DENIED.

Fisher does not need a COA to appeal the district court's denials of his motions for leave to proceed IFP, for the appointment of counsel (to the extent

No. 17-10980

Fisher actually sought the appointment of counsel), and for a transfer (to the extent Fisher actually sought a transfer). *See* 28 U.S.C. § 2253(c)(1)(B); *Harbison v. Bell*, 556 U.S. 180, 183 (2009). His motion for a COA to challenge those decisions is DENIED as unnecessary. However, Fisher does not assert that the district court erred in denying any of those motions and has abandoned any challenge he might have raised. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999). The district court's denial of those motions is AFFIRMED.

With his appeal, Fisher has filed motions for the appointment of counsel and to amend his motion for a COA. Those motions are DENIED.

Fisher also has filed a motion that effectively asks this court to issue a writ of mandamus to the Federal Public Defender's Office for the Northern District of Texas, the United States Attorney's Office for the Northern District of Texas, the Federal Public Defender's Office, and United States District Judge Barbara Lynn ordering release of information he has requested, and to the Department of Justice and the Federal Bureau of Investigation ordering an investigation. That motion is DENIED. *See In re Willy*, 831 F.2d 545, 549 (5th Cir. 1987).

Finally, Fisher has moved for this court to vacate his sentence and order his release from prison. Fisher appears to attempt to invoke original habeas corpus jurisdiction in this court pursuant to 28 U.S.C. § 2241. Section 2241 does not grant federal courts of appeals jurisdiction to entertain an original petition for habeas corpus. 28 U.S.C. § 2241. To the extent individual judges of this court may retain jurisdiction to entertain such a petition, *see Felker v. Turpin*, 518 U.S. 651, 660–61 & n.3 (1996), the members of this panel decline to do so. Fisher's motion is DENIED.

No. 17-10980

Fisher is warned that repeated filing of frivolous challenges to his convictions and sentences in this court, or any court subject to this court's jurisdiction, may result in the imposition of sanctions, including dismissal, monetary sanctions, and possibly denial of access to the judicial system.