# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 29, 2020

Lyle W. Cayce
Clerk

No. 20-30569

In re Darryl Franklin, *also known as* Daryl Franklin,

*Movant.*

Motion for an order authorizing
the United States District Court for the
Eastern District of Louisiana to consider
a successive 28 U.S.C. § 2255 motion

and

No. 20-30619

United States of America,

*Plaintiff-Appellee,*

*versus*

Darryl Franklin, *also known as* Daryl Franklin,

*Defendant-Appellant.*

No. 20-30569
& No. 20-30619

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:16-CV-11689
USDC No. 2:02-CR-304-2

---

Before Willett, Ho, and Duncan, *Circuit Judges*.

Per Curiam:*

In No. 20-30569, Darryl Franklin, federal prisoner # 28126-034, seeks authorization to file a successive 28 U.S.C. § 2255 motion challenging his 2003 convictions and sentences for carjacking or attempted carjacking by force with intent to cause death or serious bodily harm and carjacking resulting in an intentional killing. After the district court entered judgment dismissing Franklin's first § 2255 motion, he filed a pro se motion requesting relief under Federal Rule of Civil Procedure 60(b). The district court recharacterized the purported Rule 60(b) motion as a successive § 2255 motion and transferred the case to this court for consideration of whether Franklin should be granted authorization to file the successive motion. In No. 20-30619, Franklin seeks a certificate of appealability (COA) to appeal the district court's transfer order. We exercise our authority to sua sponte consolidate these related matters. *See United States v. Fulton*, 780 F.3d 683, 688 (5th Cir. 2015); *United States v. Rodriguez*, 564 F.3d 735, 737 (5th Cir. 2009); *cf.* Fed. R. App. P. 3(b)(2).

A district court's transfer order is an appealable collateral order over which we have jurisdiction. *In re Bradford*, 660 F.3d 226, 228-29 (5th Cir.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

2011). But because a transfer order is not a final order as described in 28 U.S.C. § 2253(c)(1), Franklin does not need a COA to appeal the transfer order. *See Fulton*, 780 F.3d at 688.

Where a Rule 60(b) motion following the denial of collateral relief seeks to add a new claim or attacks the federal court's previous resolution of a claim on the merits, the motion should be construed as a successive habeas application. *See Gonzalez v. Crosby*, 545 U.S. 524, 532-33 (2005) (addressing a Rule 60(b) motion in a 28 U.S.C. § 2254 proceeding); *United States v. Hernandes*, 708 F.3d 680, 681-82 (5th Cir. 2013) (applying *Gonzalez* to analyze a Rule 60(b) motion filed in a § 2255 proceeding). We have previously applied *Gonzalez* to motions under both Federal Rules of Civil Procedure 59(e) and 60(b). *See Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010) (§ 2254 case). However, the Supreme Court recently held that Rule 59(e) motions do not constitute successive habeas applications and that the rationale of *Gonzalez* does not apply to such motions. *Banister v. Davis*, 140 S. Ct. 1698, 1705-11 (2020).

Here, Franklin titled his post-judgment motion as seeking relief under Rule 60(b), but the motion was filed within the 28-day period following the entry of judgment during which a Rule 59(e) motion may be filed. *See* FED. R. CIV. P. 59(e). As we have explained, "[a] motion asking the court to reconsider a prior ruling is evaluated either as a motion to 'alter or amend a judgment' under Rule 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under Rule 60(b)," depending on "when the motion was filed." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). Such a motion is construed as one under Rule 59(e) if filed within 28 days of the judgment being challenged and as one under Rule 60(b) if filed more than 28 days after the challenged judgment. *Id.* Therefore, the district court erred in treating Franklin's post-judgment motion as a Rule 60(b) motion, recharacterizing it as a successive § 2255 motion, and transferring it

No. 20-30569
& No. 20-30619

to this court for authorization. *See Banister*, 140 S. Ct. at 1710-11; *Demahy*, 702 F.3d at 182 & n.2.

Accordingly, the district court's transfer order is VACATED, and the case is TRANSFERRED back to the district court for further proceedings consistent with this opinion. Franklin's motion for authorization to file a successive § 2255 motion is DENIED as moot, and his motion for a COA is DENIED as unnecessary.